IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JASMIN BRADSHAW, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:12-CV-03784-RWS |
| BANK OF AMERICA, N.A., and : | |
| McCALLA RAYMER, LLC, : | |
| : | |
| Defendants. : | |

## ORDER

This case comes before the Court on Plaintiff's Motion for a Temporary Restraining Order ("Plaintiff's Motion for TRO") [2]. After reviewing the record, the Court enters the following Order.

This case arises out of the foreclosure of Plaintiff's property located at 2039 Marbut Trace, Lithonia, Georgia 30058-3921 ("the Property"). Plaintiff alleges that after the foreclosure sale, she remained in possession of the Property and as such is a tenant-at-sufferance. (Compl., Dkt. [1-1] ¶ 4.) Plaintiff further alleges that Defendant Bank of America, N.A. ("BANA") has not instituted a dispossessory action against her pursuant to O.C.G.A. § 44-7-50 et seq. (id.), and that BANA has wrongfully evicted her by changing the locks

on the Property without a dispossessory warrant (Compl., Dkt. [1-1] ¶¶ 27-29; Pl.'s Supplementary Aff., Dkt. [3] at 1 of 3).  Plaintiff now requests relief in the form of a "[TRO] restraining Defendant [BANA] from evicting her without a dispossessory warrant" pursuant to O.C.G.A. § 44-7-50 et seq.  (Pl.'s Mot. for TRO, Dkt. [2] at 1 of 5.)

Before a court will grant a motion for a temporary restraining order ("TRO"), the moving party must establish that: (1) "it has a substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest."  KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).  "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ."  ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

Under Georgia law, "[t]he exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to O.C.G.A. § 44-7-50 et seq."  Steed v. Fed. Nat'l Mortgage Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009).  "A landlord-tenant relationship

2

exists between a legal title holder and a tenant-at-sufferance such that the dispossessory procedures set forth in O.C.G.A. § 44-7-50 et seq. are applicable." Id. "Where the former owners of real property remain in possession after a foreclosure sale, they become tenants-at-sufferance." Id. (emphasis in original) (internal quotation and citation omitted).

The Court finds that Plaintiff's Motion for a Temporary Restraining Order [2] is due to be **DENIED**. Plaintiff alleges that she is a tenant-at-sufferance and, therefore, BANA can only evict her in accordance with O.C.G.A. § 44-7-50 et seq. Pursuant to O.C.G.A. § 44-7-50 et seq., if Plaintiff is, in fact, a tenant-at-sufferance, BANA is required to obtain a dispossessory warrant before evicting Plaintiff from the Property. Therefore, Plaintiff does not need a TRO to obtain the relief she seeks.

Plaintiff's Motion for a Temporary Restraining Order [2] having been **DENIED**, the Clerk is **DIRECTED** to refer the case to a Magistrate Judge, pursuant to Standing Order Number 08-01.

**SO ORDERED**, this   24th   day of June, 2013.


_____
**RICHARD W. STORY**
United States District Judge