**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JASMIN BRADSHAW,          :
                                :
        Plaintiff,           :
                                :
v.                          :      CIVIL ACTION NO.
                                :      1:12-CV-3784-RWS
BANK OF AMERICA, N.A. and  :
McCALLA RAYMER, LLC,     :
                                :
        Defendants.       :

## ORDER

This case comes before the Court on Plaintiff's Motion to Proceed on Appeal In Forma Pauperis [36].  After reviewing the record, the Court enters the following Order.

### Background

This action arises out of the September 2012 foreclosure sale of Plaintiff Jasmin Bradshaw's home located at 2039 Marbut Trace, Lilburn, Georgia 30058.  Plaintiff sued Bank of America, N.A. ("BANA") and McCalla Raymer, LLC ("McCalla") in the Superior Court of Dekalb County, raising claims under the Fair Debt Collection Practices Act ("FDCPA") and claims under state law. On September 16, 2013, the Court adopted Magistrate Judge E. Clayton

Scofield III's Report and Recommendation [30] dismissing the FDCPA claims

and remanding the remaining state law claims against Defendants to state court.

(Dkt. [33].)  On October 16, 2013, Plaintiff filed a Motion to Proceed on Appeal

In Forma Pauperis [36].

## Discussion

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. §

1915 and Federal Rule of Appellate Procedure 24.  In pertinent part, § 1915

provides:

> (a)(1) [A]ny court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or
> proceeding, civil or criminal, or appeal therein, without prepayment
> of fees or security therefor, by a person who submits an affidavit that
> includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor. Such
> affidavit shall state the nature of the action, defense or appeal and
> affiant's belief that the person is entitled to redress.[1]
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court

---

[1] Although § 1915(a) states that the affidavit must include "a statement of all assets
[the] 'prisoner'  possesses," this provision applies to all persons seeking to proceed *in forma
pauperis*.  See Mitchell v. Farcass, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Fay, J.,
concurring); see also Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)
("Despite the use of the term 'prisoner possesses,' we conclude that a typographical error in
the final version of the statute occurred and that Congress actually intended the phrase to be
'person possesses.' ").

2

certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> . . .
>
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding . . . .

Thus, both § 1915(a) and Rule 24 make clear that two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good faith. Because this is the first determination of Plaintiff's *in forma pauperis* status in these proceedings, the Court must assess both requirements.

## I.    Inability to Pay

First, Plaintiff has submitted an affidavit demonstrating her inability to

3

pay the filing fee required for an appeal.  The Court finds that Plaintiff has

made the requisite showing of her inability to pay.

## II.    Requirement of Good Faith

### A.    Legal Standard

An appeal may not be taken *in forma pauperis* if the trial court certifies,

either before or after the notice of appeal is filed, that the appeal is not taken in

good faith.  28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3).  A party

demonstrates good faith by seeking appellate review of any issue that is not

frivolous judged under an objective standard.  See Coppedge v. United States,

369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga.

1989), aff'd, 896 F.2d 558 (11th Cir. 1990).  An issue is frivolous when it

appears that the legal theories are "indisputably meritless."  See Neitzke v.

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th

Cir. 1993); see also Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (an

*in forma pauperis* action is frivolous, and thus not brought in good faith, if it is

"without arguable merit either in law or fact"); Bilal v. Driver, 251 F.3d 1346,

1349 (11th Cir. 2001) (same).  "Arguable means capable of being convincingly

argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

Where a claim is arguable, but ultimately will be unsuccessful, it should be

allowed to proceed.  See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d

512, 515 (11th Cir. 1991).

B.    Analysis

In its earlier Order, the Court rejected Plaintiff's three arguments that

McCalla had violated the FDCPA "(1) by misrepresenting that the notice of

foreclosure was legal process; (2) by not fully explaining the relationship

between LaSalle and BANA; and (3) by initiating foreclosure proceedings when

BANA did not have the right to foreclose."  (Dkt. [30] at 7.)  The Court then

declined to exercise supplemental jurisdiction over the remaining state law

claims and remanded the case back to state court.  (Id. at 22.)

Plaintiff wishes to appeal three issues:

1) Whether the foreclosure of plaintiff's home was voided by the
failure to comply with O.C.G.A. § 44-14-162(b)?

2) Whether defendants violated the F.D.C.P.A. by
        a. misrepresenting suit had been brought
        b. misrepresenting the creditor's identity
        c. by misrepresenting its authority to foreclose.

3) Whether the Court erred in not retaining supplemental

5

jurisdiction.

(Dkt. [36].)  The first issue Plaintiff wishes to appeal is related to her third

FDCPA claim.  Therefore, the Court first addresses each of Plaintiff's FDCPA

claims before turning to the supplemental jurisdiction issue.

### 1.      Plaintiff's Claim under 15 U.S.C. § 1692e(13)

Plaintiff argued that the foreclosure notice—specifically, the "v."

between her name and LaSalle Bank's—misled her into thinking she was being

sued, thus violating 15 U.S.C. § 1692e(13), which prohibits a debt collector

from giving "[t]he false representation or implication that documents are legal

process."  In deciding whether a debt collector's communication is misleading,

a court "looks to the tendency of language to mislead the least sophisticated

recipients of a debt collector's letters."  Jeter v. Credit Bureau, Inc., 760 F.2d

1168, 1175 (11th Cir. 1985).  And "[w]hile protecting naive consumers, this

standard also prevents liability for bizarre or idiosyncratic interpretations of

collection notices by preserving a quotient of reasonableness."  LeBlanc v.

Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam)

(quoting United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir.

1996)) (internal quotation marks omitted).

6

First, this Court noted in its analysis of Plaintiff's claim, "Unlike most of the cases where courts have sustained a potential § 1692e(13) claim, none of Plaintiff's allegations here indicate that the foreclosure notice accompanied actual service of process or that McCalla held out the foreclosure notice as if it itself were a summons or complaint." (Dkt. [30] at 9-11 (collecting cases).) Furthermore, Plaintiff cited no cases in which a court concluded that a consumer was misled solely by the use of a "v." or "vs." between the parties' names. (See id. at 11-12.) A foreclosure notice accompanied by litigation-related terms like "Defendant" or "judgment," however, may be likely to mislead a consumer. (Id.) Besides lacking these types of misleading terms, the notice included the heading "NOTICE OF FORECLOSURE SALE," which would alert the least sophisticated consumer to the purpose of the notice. (Compl., Dkt. [1-1] ¶ 10.) Finally, the Court noted:

> The absence of a similar case on this point is notable in light of the flood of cases resulting from the recent foreclosure crisis in this country. This absence suggests that Plaintiff's interpretation of the foreclosure notice was more on the order of "bizarre" or "idiosyncratic," rather than such as would be misleading to even a naive and unsophisticated recipient.

(Dkt. [30] at 12-13.) In sum, this is the sort of indisputably meritless issue not

capable of being convincingly argued.

### 2.    Plaintiff's Claim under 15 U.S.C. § 1692e

As the Court previously noted, while it is not entirely clear, "it appears that Plaintiff alleges McCalla violated § 1692e by not fully explaining the relationship between LaSalle and BANA in the foreclosure notice." (Id. at 14.) The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. But all Plaintiff contends is that she has some questions about why LaSalle Bank was mentioned at all. The foreclosure notice identified LaSalle Bank as the last entity to which the security deed had been assigned, and identified BANA as the successor by merger with LaSalle Bank. Therefore, "the notice of foreclosure appears to have contained an accurate, clear, and unambiguous identification of the creditor as required by the FDCPA." (Dkt. [30] at 16.) There is simply no legal or factual basis for Plaintiff's claim under § 1692e.

### 3.    Plaintiff's Claim under 15 U.S.C. § 1692f(6)

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." It appears that

8

Plaintiff specifically alleges that Defendants violated § 1692f by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" while they had "no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6)(A).  Plaintiff asserts that Defendants did not have the right to foreclose because (1) the notice of foreclosure "misleadingly disclos[ed] the identity of the secured creditor" and (2) there was no recorded assignment of the security deed to BANA filed with the Clerk of the Dekalb County Superior Court. (Compl., Dkt. [1-1] ¶ 15.)

It is undisputed that BANA was the secured creditor when it foreclosed. (Compl., Dkt. [1-1] ¶ 14.)  And even if BANA had not been identified as such, BANA would not have been deprived of its right to foreclosure because O.C.G.A. § 44-14-162.2(a) does not necessarily require the secured creditor to be identified in the notice of foreclosure.  See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433-34 (Ga. 2013) (requiring the foreclosure notice to identify "the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor" (quoting O.C.G.A. § 44-14-162.2(a))).

AO 72A
(Rev.8/82)

Plaintiff also contends that the power to foreclose was voided because BANA did not comply with O.C.G.A. § 44-14-162(b), which requires an assignment of a security instrument to be filed with the clerk of the superior court of the county in which the real property is located before the time of the foreclosure sale.  However, under Georgia law it is clear that a recorded assignment to a particular entity is not necessary when, as here, that entity obtains the interest and rights in a security deed by merger.  <u>See</u> O.C.G.A. § 7-1-536(c).  Without any other allegations calling into question BANA's right to foreclose, Plaintiff's claim under § 1692f(6) is indisputably meritless.

### 4.    Supplemental Jurisdiction

Plaintiff also seeks to appeal the Court's decision declining to exercise supplemental jurisdiction over her state law claims once all her federal claims were dismissed.  Under 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over state law claims related to any claims over which the court has original jurisdiction.  But § 1367 is clear in providing that the district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Indeed, the United States Supreme Court has held that "when the

federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  And the Eleventh Circuit has held that federal courts are "strongly encourage[d] or even require[d]" to dismiss state law claims "if the federal claims are dismissed prior to trial." Ingram v. Sch. Bd. Of Miami-Dade Cnty., 167 F. App'x 107, 108-09 (11th Cir. 2006) (quoting Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999)).

   In remanding Plaintiff's state law claims to state court, the Court noted that the case was still in its early stages, there had been no discovery, and the only claims remaining were based on state law.  (See Dkt. [30] at 20.)  Without any claims over which this Court has original jurisdiction, it was clearly proper to decline supplemental jurisdiction.  Given the Court's conclusion that there is no legal merit to an appeal of the dismissal of Plaintiff's federal claims, an appeal challenging remand is likewise frivolous.  Consequently, the Court finds that Plaintiff's appeal is not taken in good faith, and her Motion to Proceed on Appeal In Forma Pauperis [36] is due to be **DENIED**.

**Conclusion**

In accordance with the foregoing, Plaintiff's Motion to Proceed on

Appeal In Forma Pauperis [36] is **DENIED**.

**SO ORDERED**, this  __18th__  day of December, 2013.


_____
**RICHARD W. STORY**
United States District Judge

12